## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, a Juvenile, by his Parent | : | CIVIL ACTION |
| and Natural Guardian, JANE DOE, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | 08-0305 |
| | : | |
| YOUTH SERVICES AGENCY, et al., | : | |
| Defendants | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                              **January   24, 2008**

Plaintiff Jane Doe brings this civil rights suit on behalf of John Doe, her 15 year-

old son, against Youth Services Agency, John Does 1 through 10, and Donna Marusak, a

licensed practical nurse at Youth Services Agency.  For the following reasons, I find that

venue is improper in the Eastern District of Pennsylvania, and will transfer the case to the

Middle District of Pennsylvania.

### I.      BACKGROUND

The complaint alleges that on November 11, 2005, the juvenile-plaintiff was

adjudicated a delinquent by the Family Court for Kent County, Delaware.  Finding that no

suitable facility was available in Delaware, the court placed the plaintiff at Youth

Services Agency in Jim Thorpe, Carbon County, Pennsylvania.  While at the facility, the

juvenile-plaintiff slipped and fell on ice.  He complained of pain to two of the counselors

at the facility, and was cursorily examined by Defendant Marusak, a medical

paraprofessional, who advised the counselors, "he's faking it."  The staff members began

to ridicule the juvenile-plaintiff for allegedly faking the pain.  In spite of his continued

complaints of pain and an inability to be active, the counselors cited the plaintiff for

refusal to follow directions, being disrespectful and disruptive.  On January 15, 2006, the

juvenile-plaintiff fell again and complained of right leg pain to one of the counselors who

gave him Motrin for the relief of pain.  A few days later, he fell again and was examined

by a registered nurse who noted pain, limited range of motion, discoloration, an inability

to bear weight, and prescribed Naprosyn.  The counselors continued to cite the plaintiff

for failure to comply with the rules, notwithstanding his complaints of excruciating pain.

On January 27, 2006, the plaintiff was taken to Gnaden Heutten Emergency Room in

Lehighton, Carbon County, Pennsylvania.  A radiographic study revealed that the

juvenile-plaintiff was suffering from a severely slipped capital femoral epiphysis.  He was

transferred to Dupont Nemours Hospital for Children in Wilmington, Delaware for

immediate percutaneous screw fixation of his left femur.  On August 30, 2006, the

juvenile-plaintiff underwent secondary surgery to address a leg length difference.  The

complaint alleges that as a direct result of the defendants' delayed medical intervention,

he will require serial surgical interventions, and mobility restrictions throughout and after

his adolescence.

## II.     DISCUSSION

After a careful review of the complaint, I find that venue in the Eastern District of

Pennsylvania is improper.  My determination was guided by the "nature of the suit" not by the

underlying historical facts which simply provided me with a frame of reference as to how this

case evolved.  See Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.

1994) (a court must proceed to examine the nature of the suit).  In a civil action where

jurisdiction is based on a federal cause of action, as it is in this case, venue is governed by

28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided by
> law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred, or a substantial
> part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if
> there is no district in which the action may otherwise be
> brought.

28 U.S.C. § 1391(b); Cottman Transmission Systems, 36 F.3d at 293-94.

Here, jurisdiction is based on a federal question, the plaintiff lives in Delaware, all

defendants reside in Carbon County, and all of the events which gave rise to this federal

lawsuit occurred in Carbon County.  Carbon County is in the Middle District of

Pennsylvania.  Thus, there is no doubt that a "substantial part of the events or omissions

giving rise to the claim occurred" in the Middle District of Pennsylvania, and venue

therefore properly lies in that District under 28 U.S.C. § 1391(b)(2).

Once a court determines that it lacks proper venue, it may, in the interest of justice,

transfer the case to a district court in which the case could have been brought.  28 U.S.C.

§ 1406(a); see also Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).  Accordingly, I will

transfer this case to the Middle District of Pennsylvania.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE, a Juvenile, by his Parent | : | CIVIL ACTION |
| and Natural Guardian, JANE DOE, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | 08-0305 |
| | : | |
| YOUTH SERVICES AGENCY, et al., | : | |
| Defendants | : | |

**O R D E R**

**AND NOW,** this    24th    day of January, 2008, upon consideration of the complaint

filed in the above-captioned case, I find that venue in this district is improper; and that venue

properly lies in the Middle District of Pennsylvania.

The Clerk of Court is directed to TRANSFER this action to the United States District

Court for the Middle District of Pennsylvania, along with a certified copy of the docket and all

papers and the file in this matter.

The Clerk of Court is further directed to mark this case CLOSED.


BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.